```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
     v.                          )     No. 4:07 CR 405 HEA
                                 )                      DDN
ROBERT DOUGLAS HARTMANN,         )
                                 )
            Defendant.           )
```

### ORDER CONCERNING PRETRIAL MOTIONS

**IT IS HEREBY ORDERED** that **forthwith** the government shall disclose to each arraigned defendant the arguably suppressible evidence it intends to offer at trial against said defendant.

**IT IS FURTHER ORDERED** that, not later than **July 30, 2007,** each party may serve in hand on the opposing party(ies), and may file with the court, any request for pretrial disclosure of evidence or information. Not later than **August 2, 2007,** the parties shall respond to any such requests for pretrial disclosure of evidence or information and may file with the court a copy of any such response. To avoid a proliferation of documents, to the extent practicable, each party shall combine all such requests for disclosure and the responses thereto in one Request for Disclosure document and in one Response to Request for Disclosure document, with each separate item of information or evidence discussed being a subpart of said document.

**IT IS FURTHER ORDERED** that the parties may file any pretrial motion(s) on or before **August 9, 2007.**

**IT IS FURTHER ORDERED** that, as soon as practicable but not later than **August 9, 2007,** regardless of whether defendant files a pretrial motion, the United States shall file a motion for a pretrial determination of pretrial issues relating to the pretrial suppression of evidence on constitutional or other grounds. The defendant shall respond to said motion. The purpose of this motion is to place before the court the relevant pretrial suppression issues in the event defendant fails to file said motion and ultimately does not waive the right to do so.

**IT IS FURTHER ORDERED** that if the defendant chooses not to file any pretrial motions, counsel for the defendant shall file with the court, not later than **August 9, 2007,** a memorandum attesting that there are no issues that the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.  **Any such memorandum will be taken up in open court at the scheduled evidentiary hearing.  Defendant and his counsel shall appear for said waiver.**

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.

**IT IS FURTHER ORDERED** that with respect to any motion to dismiss an indictment or an information:

1. if the said motion argues the subject indictment or information is vague, uncertain, indefinite, multiplicitous, duplicitous, violates Federal Rule of Criminal Procedure 7(c), or is in some other way legally insufficient on its face, the aforesaid motion shall identify the necessary, missing allegation, or the legally insufficient allegation, or any other reason for the aforesaid argument, together with supporting citation of authority;

2. if the said motion argues the subject indictment or information is not supported by legally sufficient evidence, the said motion shall identify the specific factual basis for such an assertion, together with supporting citation of authority; and

3. if the said motion argues the subject indictment or information is based upon law(s) which is (are) illegal, void, or unconstitutional, the said motion shall specify the subject law(s) and the basis for said argument.

**IT IS FURTHER ORDERED** that an evidentiary hearing on the pretrial motions is set for **August 21, 2007, at 9:00 a.m.** Unless otherwise ordered, each defendant is required to be present at the evidentiary hearing on said defendant's motion(s). If said defendant is not present at the hearing, the hearing may go forward in the defendant's absence.

**IT IS FURTHER ORDERED** that the date for the jury trial of this action shall be set upon the conclusion of the pretrial motion proceedings.

       /S/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 17, 2007.