UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 4:07CR00405-HEA (DDN) |
| **ROBERT DOUGLAS HARTMAN**, | ) ) ) | |
| Defendant. | ) | |

## MOTION OF DEFENDANT ROBERT DOUGLAS HARTMAN FOR PRODUCTION OF A WITNESS LIST AND EXHIBIT LIST

COMES NOW Defendant, Robert Douglas Hartman, by his undersigned counsel, and as grounds herefore shows to the Court the following:

1. The Indictment in this case charges defendant with a complex real estate scheme and fraud. Discovery is so voluminous that Defendant has to review it at the government's office on the 19th floor.

2. Defendant understands "it is not the job of the Government to neatly organize and separate the documents for the defendants" *United States v. Upton*, 856 F.Supp. 727, 747-48 (E.D. N.Y. 1994). Under such circumstances, however, it is not unreasonable to expect the government to isolate the documents which are relevant and which may be offered at trial in order to spare the defendants the task of examining all the documents. *Id.*

3. Numerous courts have recognized, in various contexts, that where "a significant number of documents have been produced by the government and will presumably be used at trial, it is right to narrow the field before trial in order to allow more effective case preparation by the defense." *United States v. Feldman*, 731 F.Supp. 1189, 1190-91 (S.D.N.Y 1990). *See*

*United States v. Swinton*, 75 F.3d 374, 380 (8th Cir. 1996) ("simply making available mountains of documents without specifying which will likely be submitted has elements of unfairness causing needless expense to the defendant.") Simply put, "there is no reason why [the government] cannot be more specific as to which documents it currently intends to use, and there are many reasons, grounded in fairness to the defendant, the protection of her rights, and not least Rule 16(a)(1)(C), why it should be." *United States v. Poindexter*, 720 F.Supp. 1470, 1484 (D.D.C. 1989).

For example in *United States v. Turkish*, 458 F.Supp. 874 (S.D.N.Y. 1978), the court held the government should "indicate which of the approximately 25,000 documents relating to this case and in the government's possession it intends to use at trial, rather than burying the defendant in paper." *Id.* at 882 [internal citations omitted].

4. Counsel for defendant has attempted to discuss the matters raised in this Motion with counsel for plaintiff and has been unable to satisfactorily resolve the same. This Motion is made in good faith.

WHEREFORE, Defendant Robert Douglas Hartman prays that the Court: (1) compel the government to furnish defendant with a list of exhibits and witnesses which the government actually expects to use at trial; (2) compel the government to identify, with respect to each witness, each and every document as to which the government reasonably anticipates examining said witness, or that the government reasonably anticipates the witness will rely upon or to which the government reasonably anticipates that the witness will refer while testifying during the government's case-in-chief; and (3) such other and further relief as the Court deems proper.

Respectfully submitted,

/s/Burton H. Shostak
Burton H. Shostak, MB#17443
Shostak & Shostak, LLC
8015 Forsyth Boulevard
St. Louis, MO 63105
Telephone: (314) 725-3200
Facsimile: (314) 725-3275

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2007, a true and correct copy of the foregoing was electronically filed with Clerk of the Court to be served by operation of the Court's CM/ECF electronic filing system upon the following:

**Howard J. Marcus**
howard.marcus@usdoj.gov julie.hurst@usdoj.gov; gretchen.hemm@usdoj.gov; and usamoe.crimdock@usdoj.gov

/s/Burton H. Shostak