UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.4:07-CR-405 HEA |
| ) | DDN |
| ROBERT DOUGLAS HARTMANN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held on January 18, 2008.

Defendant Robert Douglas Hartmann has moved for the disclosure of arguably suppressible evidence (Doc. 11), for production of specific Brady/Kyles materials (Doc. 20), for disclosure of expert testimony (Doc. 21), for production of witness list and exhibit list (Doc. 22), for production/retention of government agents' rough notes (Doc. 23), for disclosure of impeaching information (Doc. 24), and for production and for notice of intent to use and description of 404(b) evidence (Doc. 25). The government has also moved for reciprocal discovery (Doc. 27). Defense counsel stated his agreement to comply with defendant obligation to provide reciprocal discovery under Federal Rule of Criminal Procedure 16(b). Both parties indicated that there were no suppression issues or other dispositive matters to be decided in this case before trial.

During the hearing before the undersigned, counsel for the government indicated that the government has opened its investigative file to the defense, except for Jencks Act materials, which the government will provide to the defense at a reasonable time before trial. Further, the government has already directed the investigating agencies to retain the investigators' rough notes. The government has also indicated that there will likely be evidence to be offered at trial under Federal Rule of Evidence 404(b).

Also at the hearing counsel for both parties indicated that at a reasonable time before trial, they will provide each other with a list of witnesses and exhibits likely to be called at trial in their respective cases-in-chief.

Because the pretrial discovery and examination of the voluminous documents in this case are proceeding at a reasonable speed, and because the parties have indicated a desire to resolve the timing of pretrial informational disclosure, the undersigned concludes that the matters raised by the pending motions are moot. Should future disputes arise, they should be brought to the court's attention by motion at the earliest time.

For these reasons,

**IT IS HEREBY ORDERED** that the motions of defendant for the disclosure of arguably suppressible evidence (Doc. 11), for production of specific Brady/Kyles materials (Doc. 20), for disclosure of expert testimony (Doc. 21), for production of witness list and exhibit list (Doc. 22), for production/retention of government agents' rough notes (Doc. 23), for disclosure of impeaching information (Doc. 24), and for production and for notice of intent to use and description of 404(b) evidence (Doc. 25) are denied without prejudice as moot.

**IT IS FURTHER ORDERED** that the oral motion of the government for a determination of the admissibility of arguably suppressible evidence (Doc. 11) is denied without prejudice as moot.

**IT IS FURTHER ORDERED** that the motion of the government for discovery (Doc. 27) is denied without prejudice as moot.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 18, 2008.